# EDWARD F. GERBER COMPANY v. PROBEY.

---

TRUSTS AND TRUSTEES; CONTRACTS; EQUITY; DISCOVERY AND ACCOUNTING

1. The relation of a sales agent of automobiles and accessories to the manufacturer of them is of a fiduciary character, where the agent receives the automobiles and accessories from the manufacturer under a contract whereby the title to them remains in the manufacturer, and agrees to account for the net proceeds of all sales made by him.

2. Equity has jurisdiction to entertain a bill for discovery and accounting by the assignee of a manufacturer of automobiles against a dealer who received from the manufacturer automobiles and accessories under a contract whereby the title to the cars and accessories remained in the manufacturer, and the dealer agreed to account for the net proceeds of sale, where the defendant had notice of and acquiesced in the assignment, secreted or disposed of, and refused to disclose the whereabouts of, cars shipped to him, and refused to make any account for cars and accessories sold by him, and where the complainant has no means, except through discovery by the defendant, of ascertaining the whereabouts of the automobiles, or how many were sold, or what amount of the proceeds of sale the defendant received. (Citing *George v. Ford*, 36 App. D. C. 315.)

No. 2842. Submitted December 7, 1915. Decided February 7, 1916.

Note.—On automobile distribution contracts, see note in L.R.A.1915B, 109.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia dismissing a bill for discovery and accounting. *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree dismissing a bill filed by the Edward F. Gerber Company against T. Oliver Probey and others for an account, discovery, and relief.

Plaintiff is a corporation of the State of Delaware. It makes defendant T. Oliver Probey of the District of Columbia, the Detroit Trust Company, and a number of trust companies and banks in the State of Michigan and New York which are alleged to have interests affected by the suit.

On the 28th of August, 1912, the Michigan Buggy Company entered into a contract with T. Oliver Probey whereby it agreed to sell f. o. b. at Kalamazoo, Michigan, a number of automobiles for distribution in the District of Columbia and other adjacent territory. The contract provided, among other things, that each automobile shall be sold to the dealer at a discount of 20 per cent from the list price of the manufacturer, and the dealer agrees to pay the manufacturer list price as published in the current year for all parts purchased less a discount of 20 per cent.

The dealer shall report at the end of each week all names and addresses of parties purchasing cars from the dealer during that week, etc.; agrees to furnish the manufacturer with a copy of any and all contracts made with a dealer or any stipulations; all parts and accessories ordered by the dealer are delivered f. o. b. at their net price; shipments to be made with bill of lading attached to sight draft, or cash on delivery; a number of other provisions are made among which the only important ones are the following: .

It is stipulated and agreed between the dealer and the manufacturer that the title to any property mentioned herein, or in any subsequent order, shall not pass to the dealer, but shall remain in the Michigan Motor Company until the purchase

price of the same and all notes and acceptances given for the same shall be paid in cash.

It is further stipulated that if the manufacturer shall, at the request of the dealer, ship or deliver any of the property purchased as above to any firm, company, or person, the title thereto shall remain in the Michigan Buggy Company until the same is fully paid for in cash, and such delivery shall not be deemed as a waiver of that right.

On the same day a supplemental contract was entered into explanatory of the foregoing. It is provided in this that this is a sales contract, not a purchase contract; and that T. O. Probey is not agreeing to purchase any goods to be shipped under this contract, but is to distribute them and sell them at wholesale and retail within the territory within the time herein allotted; that he has this day delivered to the Michigan Buggy Company, pursuant to this allotment, orders and approximate monthly shipping instructions for different models herein allotted, said shipments to be made in the months specified, the party of the second part agreeing to receive or sell direct to others, display, demonstrate, store in first-class order and maintain as new, automobiles such as are shipped to him,—pay freights and insure in full in the name of the Michigan Motor Car Company for its use and benefit—to pay the expenses of his sales, salary, and expenses of salesmen and demonstrators,— a reasonable stock of automobiles to be carried by T. O. Probey during the active delivering months under this contract, so that quick and prompt deliveries may be made to subagents and retail sales.

The 6th paragraph of this provides that automobiles shipped by party of the first part to party of the second part under this sales contract, it is agreed and understood, shall be the sole property of the party of the first part, party of the second part hereby recognizing full right, title, and interest of party of the first part thereto, and only assuming the sales obligations and expense obligations as therein. It is agreed and understood that the party of the second part is to remit in cash to first party from day to day and from time to time as each automobile is

sold and delivered, its full invoice value together with all parts and extras at the net contract price herein agreed upon.

Another provision is, "in view of the unusually liberal sales features of this contract, extended by first party to second party, the second party does hereby and shall at the time of placing orders for shipments of automobiles give to party of the first part its promissory notes for the amount of each automobile, net, said notes due in four months from the first of the month in which shipment is called for. It being understood that said notes are purely accommodation notes given as a deposit on said orders in .view of the liberal terms of this sales contract and the amount of investment therein. And it is understood that these notes are not given in payment for any automobile or any part of this agreement, but are simply given for, and by the purposes intended herein and specified, and that T. O. Probey is not, and will not under any circumstances be, expected to pay any part or parcel of these notes, the agreement being that the invoice value of each automobile will be remitted when sold and delivered, in cash, to the Michigan Motor Car Company by the party of the second part, and that any accommodation deposit note given to apply in part or in whole upon said automobile invoice will be returned by party of the first part to T. O. Probey then and there."

The bill then continues that by the terms of these contracts defendant Probey became and was the agent for the sale of the property of the Michigan Buggy Company in the territory aforesaid; that in accordance with the said contract hereinbefore the Michigan Buggy Company, in its usual course of business following the execution of said contracts, did ship and deliver to said T. O. Probey, at Washington and other places within the territory covered by said contract, a large number of automobiles, accessories, parts, and equipments to be by said Probey handled, sold, and accounted for, in accordance with the terms and conditions of said contracts; and said shipments took place and continued at various times from the execution of said contracts up to, to wit, June 27, 1913.

That for a period of a year or more after the date of the

execution of said contracts, the provisions thereof relating to the giving of notes for the purchase price of automobiles had been entirely disregarded by said Probey and said Michigan Buggy Company, and said Probey had frequently, and from time to time, given his promissory notes to said Michigan Buggy Company, in such numbers and in such amounts as were requested by said Michigan Buggy Company, without any reference to or connection with the delivery of automobiles to said Probey by said Michigan Buggy Company; the total of said notes so issued by said Probey and delivered to said Michigan Buggy Company up to the date of the execution and delivery of said contracts, as hereinbefore set forth, aggregated a total amount of not less than $46,740.34, and it had long been the practice between said Probey and said company for said Probey to execute and deliver his promissory notes to said company whenever requested by it so to do, which said notes were used by said company in its business, and which said custom and practice continued between the parties both before and after the execution of said contracts hereinbefore referred to, and said notes were so given without any reference to any particular automobile or to any particular use to which the same were to be applied, and none of said notes were returned to said Probey when and after the same were paid. That at the time of making the said contracts there had been issued and were then outstanding in the possession of said Michigan Buggy Company and the various banks with whom the same had been discounted by it, notes so given to said company to the amount of $40,-114.54. That from and after about January, 1913, said Probey executed and delivered to said company his non-negotiable notes drawn upon a form, all of which said notes so given were to the said company without reference to any particular automobiles, or the purchase price thereof, and were not intended to be, and were not, in any way connected with any automobiles, accessories, parts, or equipment delivered to said Probey by the said company, but were given at the request of said company for its accommodation, whenever and in such amounts as it might request from time to time, some of which

said notes so given were subsequently and at various times discounted by said company with various banks and trust companies (all of which are made defendants to the bill); and in carrying out said custom and practice, so followed by said Probey and said company, it was the intention between said parties that no one of the notes so given by said Probey to said Michigan Buggy Company should represent any particular automobile, etc., and the said notes were given without any intention of connecting the same up in anyway with any automobiles; and the owners and holders of said notes have no right or interest in the twenty-six automobiles hereinafter mentioned and described, or any thereof, or the proceeds thereof. All of said notes so executed and delivered by said Probey to the company were to be held as deposits on automobiles, carriages, etc., contracted for by said defendant Probey; it being the understanding and so provided that upon full payment of the purchase price of said automobiles, carriages, etc., said notes would be returned to said defendant Probey; it being understood and agreed, however, that at all times the title to all automobiles, etc., which should be shipped or consigned to said defendant should remain in said company until said automobiles or the proceeds thereof should be fully accounted for to said company; and the said notes given in the amount herein set forth were made payable to the said company, and were not payable to its order, and were not negotiable instruments or intended so to be. Thereafter, the said company discounted a large number of said notes with various banks, and said notes are now held and owned by the various banks, made defendants to this proceeding. The amount of said notes being so sold is correctly set forth in the exhibit.

That under said contract the said Michigan Buggy & Motor Car Company shipped and delivered to said defendant Probey, from time to time, to wit, June 27, 1913, a large number of automobiles, accessories, parts, etc., for which payment had not been made on or before said June 27, 1913, and on, to wit, the said June 27, 1913, said Probey had in his possession and under his control twenty-six of said automobiles manufactured

by said company, and consigned and delivered to him under the
terms, provisions, and conditions of his contract aforesaid,
whereby it is agreed that the title to said automobiles should not
pass to and vest in the said Probey, or any other person, until
he had fully accounted for said automobiles or the proceeds
thereof.

On or about the 27th day of June, 1913, the said Michigan
Buggy Company, for value received, sold, assigned, and trans-
ferred to the Pennsylvania Sales Corporation, organized and
existing under the laws of the State of Pennsylvania, all the
right, title, and interest of the said Michigan Buggy Company
in and to all the automobiles and automobile parts made by said
Michigan Buggy Company, which had been shipped and con-
signed by said company to the said T. Oliver Probey under the
terms and provisions of the contracts hereinbefore mentioned,
and not paid for by him, including the twenty-six automobiles
herein more specifically mentioned and described, which said
automobiles and automobile parts were thereupon invoiced and
charged to said Pennsylvania Sales Corporation by said Michi-
gan Buggy Company, and were thereafter paid for to said
Michigan Buggy Company by said Pennsylvania Sales Corpo-
ration, of which said sale, assignment, transfer, etc., defendant
Probey, who was then in possession and control of said automo-
biles under the contracts as aforesaid, had due and proper no-
tice, and duly consented and agreed thereto; and the said
Probey then and there further agreed with the said Pennsyl-
vania Sales Corporation that, if he should be allowed said auto-
mobiles for sale under consignment from said Pennsylvania
Sales Corporation, he would make prompt and accurate return
and an accounting to said Pennsylvania Sales Corporation for
said automobiles, or the proceeds thereof, and would hold the
automobiles, and the proceeds realized from the sale or sales
thereof, in trust for, and remit and pay the same promptly to,
the said Pennsylvania Sales Corporation, its successors, and
assigns, which said agreement was intended to and did include
the proceeds from those sales which had already been made by
said Probey, as well as those sales which might thereafter be

effected. Relying upon said promise, understanding, and agreement, the said Pennsylvania Sales Corporation subsequently re-invoiced the said automobiles and parts, so purchased by it from said Michigan Buggy Company, to the said Probey, to be sold by him for and on account of said Pennsylvania Sales Corporation, its successors, and assigns, and the said Probey accepted and received the same under said promise and agreement.

That by reason of the said sale, assignment, transfer, etc., the said Michigan Buggy Company relinquished all its rights and claims in and to said twenty-six automobiles, or the proceeds thereof, and against the said Probey by virtue of any liability on his part arising out of said contracts, notes, and all other obligations of every character of said Probey to said Michigan Buggy Company existing at that date, and at the same time both said Michigan Buggy Company and said Probey relinquished, each to the other respectively, all claims, rights, and liabilities of each to the other respectively, arising under said contracts, notes, and automobiles or of any other kind or character whatsoever; and thereupon said Pennsylvania Sales Corporation was substituted as the owner of all the rights, title, interest, claim, and demand of every kind and character whatsoever of said Michigan Buggy Company in said automobiles, and the proceeds thereof, and said Probey thereupon relinquished to the said Buggy Company all the claims of every kind or character which he had against said buggy company, and said buggy company likewise relinquished all its claims against said Probey, and transferred the same to said Pennsylvania Sales Corporation, which was substituted for said Michigan Buggy Company as the owner of all rights thereof; which said transaction constituted an adjustment, compromise, and settlement in full of all rights and liabilities of every kind and character then existing between said Michigan Buggy Company and said Probey; and that the new contracts or agreements betwen said buggy company and said sales corporation, and between the sales corporation and the said Probey, as hereinbefore set forth, were both subsequently acknowledged, acquiesced in, adopted, and the same operated under by all

parties thereto. And the said T. Oliver Probey subsequent to said June 27, 1913, acknowledged and admitted to various persons that said twenty-six automobiles and the proceeds thereof belonged to the said Pennsylvania Sales Corporation, but notwithstanding the same and said promise and agreement so made as hereinbefore set forth, no account has been made, and no remittance or payment of any proceeds of any sale or sales of any of said automobiles or any parts thereof has ever been made by said defendant Probey, to said Pennsylvania Sales Corporation, or any other person whatever.

Thereafter on, to wit, August 1, 1913, said Pennsylvania Sales Corporation, for value received, sold, assigned, and transferred all its right, title, and interest in the said twenty-six automobiles and parts, and the proceeds of any and all sales thereof, whether theretofore made or thereafter to be made by said defendant Probey on account of the consignment thereof for sale, as aforesaid, to Edward F. Gerber and Cora L. Gerber, partners trading as Edward F. Gerber & Company, of which said assignment, transfer, and sale the said defendant Probey was duly notified, and agreed thereto, and thereupon promised and agreed to hold said automobiles and the proceeds from the the sale thereof in trust, and pay and account for the same to said Edward F. Gerber & Company, their successors, or assigns; and the said Probey, both on and subsequent to said August 1, 1913, acknowledged and admitted that the said twenty-six automobiles, and the proceeds thereof, belonged to the said Edward F. Gerber and Cora L. Gerber, partners trading as Edward F. Gerber & Company; but notwithstanding the same, and said promise and agreement so made as hereinbefore set forth, no accounting thereof has been made, and no remittance or payment of any proceeds of any sale or sales of any of said automobiles, or any part thereof, has ever been made by said defendant T. O. Probey to said Edward F. Gerber and Cora L. Gerber, partners trading as aforesaid.

Thereafter on, to wit, August 11, 1913, said Edward F. Gerber and Cora L. Gerber, partners, trading as Edward F. Gerber & Company, for value received, sold, assigned, and

transferred all their right, title, and interest in and to said twenty-six automobiles and parts thereof and the proceeds of any and all sales thereof, whether theretofore made or thereafter to be made by said defendant Probey on account of the consignment thereof for sale, to Edward F. Gerber Company, a corporation, the complainant; and thereupon said T. Oliver Probey promised and agreed to hold said automobiles and parts out of the proceeds from the sale thereof in trust, and pay and account for the same to the complainant; but no accounting has been made, and no remittance or payment of any proceeds has been made, by said Probey, although often requested so to do, and complainant has been unable to ascertain or discover what disposition has been made by said Probey of said automobiles, the most of which do not appear to be in the possession of said T. Oliver Probey, and the title to which under said contracts and assignments thereof rightfully and legally remains in your complainant.

Complainant avers that some of said automobiles, accessories, parts, and equipment, or the proceeds thereof, the exact number and amount thereof being to the complainant unknown, are still in the possession, custody, and control of said T. Oliver Probey, or his agents, or representatives, and within the jurisdiction of this court, and that the same under said contract, and the assignments thereof hereinbefore set forth, are the property of your complainant; and your complainant further avers that between the time of the transfer of its right, title, and interest in said automobiles, accessories, parts, and equipment by said Michigan Buggy Company on June 1, 1913, and the time of the filing of this bill of complaint, a large number of said automobiles, accessories, parts, and equipment, so transferred by said company, as hereinbefore more fully and at length set forth, and in the possession and control of said T. Oliver Probey, or other persons, firms, or corporations holding through and for him, are being secretely held or have been sold and disposed of to various persons and the public generally, and the proceeds thereof have been received and appropriated by and converted to the use of said T. Oliver Probey, the exact amount of which

proceeds is unknown to complainant; but it is advised, believes, and therefore avers, that the amount thereof exceeds the sum of $12,500, all of which defendant has fraudulently converted and appropriated to his own use, and for which he has made no accounting either to your complainant, or to any other person entitled to receive the same; and in pursuance of a scheme on the part of the said T. Oliver Probey to cheat and defraud the owners of said twenty-six automobiles out of the same and the proceeds thereof, said T. Oliver Probey took said automobiles out of his regular place of business, partly in the nighttime, and secreted the same in various places in the District of Columbia, and thereafter refused to deliver the same or divulge the hiding places thereof, and on or about August 6, 1913, Edward F. Gerber and Cora L. Gerber, partners trading as Edward F. Gerber Company, instituted an action in replevin, to recover eighteen of said automobiles, against the said T. Oliver Probey as defendant, which said action they filed in the supreme court of the District of Columbia, and is now pending in said court, and upon service of the writ in said cause eighteen of said automobiles were seized and taken possession of under the terms of said writ by the marshal of the District of Columbia, and the same or proceeds thereof are still in the possession and custody of said marshal, and the said cause remains undisposed of; complainant further avers that the defendant Probey, in pursuance of and as part of his scheme to cheat and defraud complainant, and in pursuance of his intention and plan so to do, has withheld and secreted from complainant the remainder of said twenty-six automobiles hereinbefore mentioned, or the proceeds thereof, and has been disposing of his property in various manners, in fraud of complainant's rights, by transferring portions of his property to other persons, by selling portions thereof, by holding portions thereof in the names of other persons, and in various other methods, the full facts and details in connection with which are not known to your complainant; and that said Probey has been transferring in such a manner that said T. Oliver Probey has retained the control thereof and the beneficial interest therein, while hiding

the same from your complainant; and that said Probey has pursued this course and plan for the purpose of preventing complainant from recovering from him the sums of money for which he is indebted to complainant by reason of the matters hereinbefore set forth; and complainant avers that said T. O. Probey has withheld said automobiles and the proceeds thereof and refused to account therefor to the extent of about $12,500, under a pretentious claim that said Probey does not know to whom he should account therefor, whether to complainant, said Edward F. Gerber Company, or to said Detroit Trust Company, as trustee, or to the defendant banks, but at the same time the said T. Oliver Probey denies that he is liable or obligated to account therefor to any of said persons, or to any other persons whatsoever; complainant further avers that he is informed and believes that said Probey has used the funds and moneys coming into his hands from the sale and disposition of automobiles, accessories, parts, and equipment so belonging to complainant, and for which said Probey was obligated to account fully to complainant, for his own purposes, and for and in the purchase of other property, stocks, bonds, and other securities, some of which were taken and held by said T. Oliver Probey in the names of other persons, the exact nature, kind, and amount of which said property, stocks, bonds, and securities, and the names in which the same have been taken, and now being held, being unknown to complainant.

And complainant avers that the rights of your complainant cannot be established and adequately protected except by equitable relief, and the same is herein prayed for, and the said acts of the defendants are inflicting upon your complainant irreparable injury, loss, and damage, and your complainant is without full and adequate relief at law in regard thereto, and can be protected only by equitable relief.

It is further alleged that the Michigan Buggy Company was declared bankrupt about August 11, 1913, and the defendant Detroit Trust Company was duly appointed its trustee in bankruptcy.

Complainant prays first that an account may be taken of

all sums of money and other property received by or coming into the hands of said defendant Probey as agent of complainant, for and on account of or for the use of complainant, and of the application thereof, and all dealings and transactions in the bill of complainant set forth; and that said defendant Probey may be decreed to pay to complainant what, on taking such accounts, shall be found due to said complainant, and to deliver up to complainant all property in said defendant's possession or control, or in the possession, custody, or control of others, under the direction of said defendant, and belonging to complainant, or which may have been bought or obtained by said defendant out of the proceeds received from the sale of any of the automobiles or property hereinbefore more fully described.

That the defendant Probey, by preliminary injunction, hereafter to be made permanent, be restrained and enjoined from transferring or disposing of any of the automobiles, accessories, etc., hereinbefore described or the proceeds thereof, or any property representing the same, in his hands or control, during the pendency of this suit; and that upon the final hearing of this cause the court decree that the same be paid over to complainant, and that said defendant be decreed to hold said automobiles, parts, and other property, and the proceeds of the sale of any automobiles, accessories, parts, and equipment described herein, as trustee for your complainant.

That said Probey come to a just accounting with your complainant as to the sale, transfer, or disposition of any of the automobiles, accessories, etc., that have in anywise come into his hands or control, and of the proceeds thereof, and that he be ordered and directed by this court to pay and deliver to your complainant the proceeds realized by him from the sale, transfer, or other disposition of said property, and that this court decree that any of said automobiles, accessories, etc., and the proceeds thereof, if found to be in the hands of said defendant, be held in trust for the use and benefit of this complainant, the same to be delivered to your complainant.

That said Probey by preliminary injunction, hereafter to be made final, be restrained and enjoined from selling, conveying,

assigning, transferring, or in anywise disposing of, or causing to be disposed of, any property, whether real, personal, or mixed, which has been acquired by him with, by, or out of the proceeds of any of the automobiles, accessories, etc., or upon the security or hypothecation of the same, whether the same to be held in the name of the said defendant or any other person, and that he be decreed to hold any such property in trust for your complainant and pay the same to complainant.

That defendant be required to make discovery as to the location of, and that this court impound and bring into its possession, or deliver into the possession of a receiver appointed by it to take possession and control thereof, the automobiles, accessories, parts, and equipment herein described, or the proceeds thereof, or any property representing the proceeds thereof, wherever the same may be found, and within the jurisdiction and control of this court, and, upon final hearing of this cause, decree that the same be delivered or paid to your complainant.

That complainant may be permitted hereafter to bring in any other and additional parties, if it shall be found that they are necessary and proper parties; and that the Detroit Trust Company, trustee in bankruptcy of the estate of Michigan Buggy Company, bankrupt, and all the defendant banks above named which are the owners and holders of the notes of said defendant Probey, be decreed to have no right, title, or interest, claim, or demand of any kind or character whatsoever in and to the said twenty-six automobiles described in the bill of complaint; and for further general relief.

·The court sustained the motion to dismiss the bill, entering an order giving complainant ten days within which to amend.

The amendment elaborated some of the allegations of the bill that had been objected to in the opinion of the court, among others alleging the insolvency of Probey. It made more definite the provision relating to the assignment of the said twenty-six automobiles and the agreement of Probey with respect thereto. It repeated the allegations of the various assignments and agreement by Probey with the assignees, concluding with that to the complainant, alleging Probey's agreement to the said contract

or agreement, and to fully perform the same in all its terms and provisions with the said corporation as fully as though said corporation has been one of the original parties thereto. Probey expressly accepted said agreement and the said assignments thereof, and agreed to be bound by and fully perform the same. That he has violated the trust imposed in him, and is endeavoring to cheat and defraud said complainant out of said automobiles or the proceeds thereof, and, unless relief is granted, complainant believes that he will cheat and defraud him out of the same. That complainant does not know, and has no means of knowing or ascertaining, except by discovery and an accounting by the said T. Oliver Probey, what automobiles have been sold by the said Probey, what cash he has in his possession or control belonging to the complainant, what automobiles and parts still remain in the possession, custody, or control of the said Probey; that all of the facts and information concerning these several matters are in the exclusive custody, possession, knowledge, and control of the defendant Probey, and that without a discovery and disclosure of these matters the complainant is without any means of proving its case or establishing the facts upon which it relies for proving its rights against the said defendant; that complainant, without such discovery, has no other source of information available, and is advised, and therefore avers, that by reason of the confidential and fiduciary relations existing between complainant and the said Probey, as well as by reason of the duty and obligation of the said Probey to fully account to complainant, said Probey is obligated and should be required to make a full and complete disclosure and discovery to complainant of all facts and matters within his knowledge arising out of, or connected with, the matters and transactions hereinabove set forth.

That he has neglected and still fails and refuses, although frequent demand has been made, to make disclosure and discovery of the facts so within his exclusive knowledge and control as aforesaid, and complainant is without means of enforcing discovery except in this court; and the said Probey has refused and still does refuse to make an accounting or settlement

for said automobiles, or any parts thereof, or the proceeds for the same, and no accounting has been made, or payment of any of proceeds of any sale of said automobiles or any parts thereof has ever been made by defendant Probey, to your complainant or to any other person for said automobiles, although he has often been requested so to do, and complainant has been unable to ascertain or discover what disposition has been made by said Probey of said automobiles, or the said proceeds thereof; that a large part of the facts and evidence relating to the matters aforesaid are in the exclusive custody, possession, and control of said Probey, and that complainant has no other source of information available for establishing same, except upon disclosure and discovery by the said Probey of the facts and evidence so held by the said Probey and in his exclusive knowledge and control; and complainant has, therefore, need of discovery of these facts, and is without adequate remedy unless such discovery and disclosure be made by defendant. And it is further specifically averred that defendant has used funds and moneys coming into his hands belonging to complainant for his own uses and purposes, and for and in the purchase of other property, stocks, bonds, and other securities, some of which were taken and held by the said Probey in the names of other persons, the exact nature, kind, and amount of said property, stocks, bonds, and securities, and the names in which the same have been taken are now being held, being unknown to your complainant; that the said Probey has concealed said property, and complainant has been unable to find or obtain possession of the same; that these things have been done for the purpose of cheating and defrauding your complainant out of its rights in the premises and out of the proceeds of said automobiles. The said defendant is entirely insolvent and financially irresponsible; and unless your complainant is granted the relief herein prayed for, said Probey will convert the said automobiles and proceeds thereof to his own use with the intent to cheat and defraud said complainant.

The motion to dismiss on the ground that the amended bill shows no equity in favor of the plaintiff, and second that the

plaintiff has plain, adequate, and complete remedy at law, was sustained and the bill finally dismissed with costs, and therefrom the Edward F. Gerber Company has appealed.

*Mr. James S. Easby-Smith* and *Mr. Ralph B. Fleharty,* for the appellant, in their brief cited:

*Ballinger* v. *West Pub. Co. ante,* 49; *Fox* v. *Patterson,* 43 App. D. C. 484; *Kilbourne* v. *Sunderland,* 130 U. S. 505; *Lampton* v. *Sands,* — App. D. C. —; *Rich* v. *Braxton,* 158 U. S. 375; *Russell* v. *Clark,* 7 Cranch, 69; *Story* v. *Dahlgren,* 39 App. D. C. 29; *Tyler* v. *Savage,* 143 U. S. 79; *Walla Walla* v. *Walla Walla Water Co.* 172 U. S. 1; *Wardman* v. *Forrest,* 40 App. D. C. 520; *Wheeler* v. *Ryon,* 1 App. D. C. 142; 16 Cyc. 83; Pom. Eq. Jur. Secs. 1047–8, 1339.

*Mr. Charles F. Diggs, Mr. Wilton J. Lambert,* and *Mr. R. H. Yeatman* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

We are of the opinion that this is a case of equity jurisdiction. The title to the automobiles remained in the Michigan Buggy Company, and passed into the possession of Probey as its agent. By subsequent assignments the property passed into the hands of succeeding assignees with each of whom, including the plaintiff, Probey agreed to hold the said automobiles as the property of the assignees, and to account therefor under the terms of his agency. He made himself the agent of each assignee in succession, including the plaintiff. When the automobiles were demanded he refused to deliver and also to make any account of his agency. His relation was fiduciary. He was intrusted with the automobiles for sale, and it was his duty to account for the net proceeds thereof immediately upon the sales. Instead of doing this, as alleged, he secreted or disposed of the automobiles, and the place of their

deposit or keep is unknown to complainant and only within the knowledge of the defendant, who is now insolvent. It was his duty to turn over the automobiles on demand, or such of them as were left, to the complainant, and to pay over the net proceeds of such as may have been sold under his agency. Under the allegations of the bill it is impossible for the complainant to ascertain where the said automobiles are, or what has become of them, or how many of them have been sold, and what amount of proceeds said Probey has in his hands received from his ·agency sales.

It seems to us that without discovery complainant will be practically remediless. He has a right not only to know where his property is situated, so that he may take possession of it, but also to know what amount of money has been realized by his agent from the sale of any automobile, and to have him account for and pay over the same.

The question of equity jurisdiction for discovery and relief is quite fully discussed in. *George* v. *Ford,* 36 App. D. C. 315–329, which need not here, be reviewed.

We are of opinion that the motion to dismiss should have been overruled, and that complainant is entitled to a complete discovery under oath by defendant Probey, and to such further and incidental relief as the court having jurisdiction of the general subject-matter may find it equitable to award.

The decree is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*